Fulton County Superior Court
***EFILED***LW
Date: 2/5/2021 12:39 PM
Cathelene Robinson, Clerk

**General Civil and Domestic Relations Case Filing Information Form**

☑ Superior or ☐ State Court of _FULTON_ County

| For Clerk Use Only | |
|---|---|
| Date Filed __2/5/2021__ <br> MM-DD-YYYY | Case Number __2021CV345500__ |

**Plaintiff(s)**

_CULLINS ALONZO_
Last          First          Middle I.          Suffix          Prefix

Last          First          Middle I.          Suffix          Prefix

Last          First          Middle I.          Suffix          Prefix

Last          First          Middle I.          Suffix          Prefix

**Defendant(s)**

_Swift Transportation Co. Inc._
Last          First          Middle I.          Suffix          Prefix

_M.S. Carriers, Inc._
Last          First          Middle I.          Suffix          Prefix

_DOE JOHN_
Last          First          Middle I.          Suffix          Prefix

Last          First          Middle I.          Suffix          Prefix

**Plaintiff's Attorney** _David E. Barry, Esq._ **State Bar Number** _042430_ **Self-Represented** ☐

Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
Case Number                                    Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Fulton County Superior Court
***EFILED***LW
Date: 2/5/2021 12:39 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALONZO CULLINS, | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    Civil Action File No.:   <u>**2021CV345500**</u> |
| | ) |
| SWIFT TRANSPORTATION, CO. INC. | ) |
| M.S CARRIERS, INC. and JOHN DOE, | ) |
| DRIVER, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### COMPLAINT  FOR DAMAGES

COMES NOW, Alonzo Cullins, Plaintiff in the above-styled case and hereby file this Complaint for Damages as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Alonzo Cullins is an individual and is a resident of Fulton County, Georgia, and is subject to the jurisdiction of this Court.

2.

Defendant Swift Transportation, Co., Inc. ("Swift") is a foreign for-profit corporation with a principal place of business located at 2200 S. 75th Avenue, Phoenix, Arizona 85043. Swift does business within the state of Georgia and is subject to the jurisdiction of this Court via the Georgia long-arm statute.  A copy of this Complaint for Damages may be served upon this Defendant at its principal place of business, i.e., 2200 S. 75th Avenue, Phoenix, Arizona 85043.

3.

Copy from re:SearchGA

M.S. Carriers, Inc. is foreign for-profit corporation with a principal address of 1940 E. Brooks Rd., Suite 20, Memphis, Tennessee 38116-3645 and is subject to the jurisdiction of this court via the Georgia long arm statute. M.S. Carriers may be served with a copy of this Complaint for Damages at its principal place of business located at 1940 E. Brooks Rd., Suite 20, Memphis, Tennessee 38116-3645.

4.

Defendant John Doe is an unknown truck driver employed by Swift and/or M.S. Carriers at the time of the collision which is the subject matter of this lawsuit ("John Doe").

5.

Jurisdiction and venue are appropriate in this county as the incident which is the subject matter of this lawsuit occurred in this county.

## CERTIFICATE OF TIMELINESS

6.

Plaintiff hereby incorporates and realleges the allegations in Paragraphs 1-5 of this Complaint.

7.

The Collision occurred on October 8, 2018. The original statute of limitations would have been on October 8, 2020, however, pursuant to the Supreme Court of Georgia's multiple Judicial Emergency Orders, the statute of limitations was stayed on March 14, 2020 due to the Covid-19 pandemic. The Georgia Supreme Court lifted the stay on July 14, 2020, after one hundred and twenty-two (122) days. The Georgia

Copy from re:SearchGA

Supreme Court's Orders extended the statute of limitations for cases such as this for 122 days as a result of the Judicial Emergency.

8.

Accordingly, the Plaintiff would have until the new deadline, i.e., one hundred and twenty-two (122) days from October 8, 2020 or until February 7, 2021 to timely file this lawsuit.

9.

Accordingly, the Plaintiff's Complaint is timely filed on February 5, 2021.

*See Exhibit "A"*

## FACTS RELEVANT TO ALL COUNTS

10.

Plaintiff hereby incorporates and realleges the allegations in Paragraphs 1-9 of this Complaint.

11.

On October 8, 2018, Plaintiff Alonzo Cullins was a passenger in a vehicle driven by Henry Otis Phillips, driving on I-285E at the Cobb/Fulton border within Fulton County, when that vehicle was hit by a tractor trailer driven by Defendant John Doe truck driver (the "Collision").

12.

Before his information could be given to the police officer, the unknown John Doe truck driver left the scene of the Collision.

13.

Plaintiff Alonzo Cullins gave the following information related to the tractor trailer to the police officer, after John Doe had fled the scene:

Copy from re:SearchGA

Owner: M.S. Carriers

Registration No.: 583284

Tag: 4HX2396

14.

Upon information and belief, Defendant John Doe was driving the tractor trailer for Defendant M.S. Carriers and/or Swift at the time of the Collision and was acting in the course and scope of his employment with these Defendants when he caused the Collision.

15.

Upon information and belief, M.S. Carriers was bought out by Swift following the date of the Collision.

## COUNT ONE

## NEGLIGENCE

### (AGAINST ALL DEFENDANTS)

16.

Plaintiff hereby incorporates and realleges the allegations in Paragraphs 1-15 of this Complaint.

17.

Defendant John Doe drove the tractor trailer in a negligent manner, thereby causing the impact that caused the Plaintiff to suffer serious physical injuries.

18.

Defendants maintained the tractor trailer in a negligent manner, thereby causing the impact that caused the Plaintiff to suffer serious physical injuries.

Copy from re:SearchGA

19.

Defendants inspected the tractor trailer in a negligent manner, thereby causing the impact that caused the Plaintiff to suffer serious physical injuries.

20.

Upon information and belief, Defendants Swift and M.S. Carriers were negligent in failing to inspect and/or maintain its vehicles, including the tractor trailer, to avoid their injuring members of the public, such as the Plaintiff.

21.

Defendants' negligence caused the serious physical injuries suffered by the Plaintiff.

22.

Defendant John Doe was working for Defendants M.S. Carriers and/or Swift in the scope and course of his employment at the time that the Plaintiff was injured. Accordingly, M.S. Carriers and/or Swift are liable for the negligence of Defendant John Doe pursuant to the Respondeat Superior doctrine.

23.

Plaintiff further alleges that Defendant John Doe is guilty of the following acts of common-law negligence per-se, and that each such negligent action and omission was the direct and proximate cause of the accident and resulting injuries of the Plaintiff.

 a.   Failed to keep proper outlook ahead; and

 b.   Failed to keep his vehicle under proper control; and

Copy from re:SearchGA

h.  Diminution of value of Plaintiff vehicle and loss of use thereof;

25.

Plaintiff avers that all the foregoing injuries, loses and damages were directly and approximately caused by the negligence of Defendants.

## COUNT TWO

## PUNITIVE DAMAGES

26.

Plaintiff hereby incorporates and realleges the allegations in Paragraphs 1-25 of this Complaint.

27.

The Defendants' respective acts of negligence were so wanton and of an outrageous nature so as to shock the enlightened conscience of a reasonable person, and, therefore, the Defendants are each liable to Plaintiff for punitive damages in an amount to be determined by the jury, but no less than $250,000.00.

## COUNT THREE

## ATTORNEY'S FEES AND EXPENSES

28.

Plaintiff hereby repeats and re-alleges Paragraphs 1-27 of Plaintiff's Complaint as if fully set forth herein.

29.

Plaintiff is entitled to recover from Defendants his attorney's fees and expenses for litigation in this proceeding.

30.

Copy from re:SearchGA

Plaintiff hereby demands a trial by jury as to all issues which a jury may properly consider.

**WHEREFORE**, Plaintiffs prays the Court as follows:

1. For judgment against the Defendants in favor of Plaintiff in an amount to be determined by a trier of this matter;

2. For punitive damages and for attorney's fees;

3. For recovery of Plaintiff's costs herein;

4. For the recovery of the diminution of value of Plaintiff's vehicle and loss of use thereof;

5. For such other relief as may seem proper and attorney's fees if found to be appropriate; and

6. Trial is hereby demanded as to all issues so triable.

This ___5th___ day of February, 2021.

David E. Baum, Esq.
Attorney for Plaintiff
Georgia State Bar No. 042430

The Baum Law Firm
1570 Warsaw Road
Roswell, Georgia 30076
(678) 795-1304
(678) 795-1308/fax

Copy from re:SearchGA

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ALONZO CULLINS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action File No.: **2021CV345500** |
| | ) | |
| SWIFT TRANSPORTATION CO., INC, | ) | |
| M.S CARRIERS and JOHN DOE, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### CERTIFICATE OF TIMELINESS

1.

The Collision occurred on October 8, 2018. The original statute of limitations would have been on October 8, 2020, however, pursuant to the Supreme Court of Georgia's multiple Judicial Emergency Orders, the statute of limitations was stayed on March 14, 2020 due to the Covid-19 pandemic. The Georgia Supreme Court lifted the stay on July 14, 2020, after one hundred and twenty-two (122) days.  The Georgia Supreme Court's Orders extended the statute of limitations for cases such as this for 122 days as a result of the Judicial Emergency.

2.

Accordingly, the Plaintiff would have until the new deadline to file this lawsuit, i.e., one hundred and twenty-two (122) days from October 8, 2020 or until February 7, 2021.

«A »

Copy from re:SearchGA

Accordingly, the Plaintiff's Complaint is timely filed on February 5, 2021.

RESPECTFULLY SUBMIITED this _____ day of February, 2021.

THE BAUM LAW FIRM

David E. Baum, Esq.
Ga. Bar No.: 042430
Attorney for Plaintiff

1570 Warsaw Road
Roswell, Georgia 30076
404-428-4426

Copy from re:SearchGA

Fulton County Superior Court
***EFILED***TB
Date: 5/13/2021 1:00 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ALONZO CULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 2021CV345500 |
| v. | ) | |
| | ) | |
| SWIFT TRANSPORTATION, CO. | ) | |
| INC., M.S. Carriers, Inc., and JOHN | ) | |
| DOE DRIVER, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION EXTENDING TIME FOR DEFENDANTS TO ANSWER

COME NOW plaintiff and defendants and, pursuant to O.C.G.A. § 9-11-6(b), hereby stipulate and agree that the time for defendants to answer or otherwise respond to plaintiff's complaint is hereby extended to and including June 28, 2021. All defenses as to jurisdiction, process, service of process, and venue are preserved.

THE BAUM LAW FIRM

*/s/ David E. Baum*
David E. Baum (*by Dustin S. Sharpes with express permission*)
Georgia Bar No. 042430
Attorneys for Plaintiff

1570 Warsaw Road
Roswell, GA 30076
(678) 795-1304 (telephone)
(678) 795-1308 (facsimile)

STONE KALFUS LLP

*/s/ Dustin S. Sharpes*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Dustin S. Sharpes
Georgia Bar No. 522995
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NW, Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *STIPULATION EXTENDING TIME FOR DEFENDANTS TO ANSWER* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA system, which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA participants.  Counsel of record is as follows:

> David E. Baum, Esq.
> The Baum Law Firm
> 1570 Warsaw Road
> Roswell, GA 30076

This 13th day of May, 2021.

> */s/ Dustin S. Sharpes*
> Dustin S. Sharpes
> Georgia Bar No. 522995

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

Fulton County Superior Court
***EFILED***MH
Date: 6/28/2021 2:03 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

ALONZO CULLINS,                         )
                                        )
        Plaintiff,                      )        CIVIL ACTION FILE
                                        )        NO. 2021CV345500
v.                                      )
                                        )
SWIFT TRANSPORTATION, CO.               )
INC., M.S. CARRIERS, INC. and           )
JOHN DOE DRIVER,                        )
                                        )
        Defendants.                     )

## DEFENDANTS' ANSWER AND DEFENSES

COME NOW defendants, by way of special appearance and without waiving but specifically reserving all defenses as to jurisdiction and venue, and answer plaintiff's complaint for damages as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against defendants upon which relief can be granted.

### SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint, defendants answer as follows:

## PARTIES, JURISDICTION AND VENUE

### 1.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 2.

Defendants deny the allegations in this paragraph of the complaint.

### 3.

Defendants deny the allegations in this paragraph of the complaint.

### 4.

Defendants deny the allegations in this paragraph of the complaint.

### 5.

Defendants deny the allegations in this paragraph of the complaint.

## CERTIFICATE OF TIMELINESS

### 6.

Defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth fully herein.

### 7.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

8.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

9.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

## FACTS RELEVANT TO ALL COUNTS

10.

Defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth fully herein.

11.

Responding to the allegations in this paragraph of the complaint, defendants deny any of their tractor-trailers or employees were involved in the subject accident; otherwise, defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

12.

Responding to the allegations in this paragraph of the complaint, defendants deny any of their tractor-trailers or employees were involved in the subject accident;

otherwise, defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

13.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

14.

Defendants deny the allegations in this paragraph of the complaint.

15.

Defendants deny the allegations in this paragraph of the complaint.

COUNT ONE
NEGLIGENCE
(AGAINST ALL DEFENDANTS)

16.

Defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth fully herein.

17.

Responding to the allegations in this paragraph of the complaint, defendants deny any of their tractor-trailers or employees were involved in the subject accident; otherwise, defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint.

- 4 -

18.

Defendants deny the allegations in this paragraph of the complaint.

19.

Defendants deny the allegations in this paragraph of the complaint.

20.

Defendants deny the allegations in this paragraph of the complaint.

21.

Defendants deny the allegations in this paragraph of the complaint.

22.

Defendants deny the allegations in this paragraph of the complaint.

23.

Responding to the allegations in this paragraph of the complaint, including subparagraphs (a), (b), and (h), defendants deny any of their tractor-trailers or employees were involved in the subject accident; otherwise, defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph of the complaint, including all subparagraphs.

25.[1]

Defendants deny the allegations in this paragraph of the complaint.

## COUNT TWO
## PUNITIVE DAMAGES

26.

Defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth fully herein.

27.

Defendants deny the allegations in this paragraph of the complaint.

## COUNT THREE
## ATTORNEY'S FEES AND EXPENSES

28.

Defendants incorporate their responses to the preceding paragraphs of the complaint as if set forth fully herein.

29.

Defendants deny the allegations in this paragraph of the complaint.

---

[1] Plaintiff's complaint does not contain a paragraph number 24.

30.

Responding to the allegations in this paragraph of the complaint, defendants admit plaintiff makes a demand for jury trial.  Except as expressly admitted, defendants deny the allegations in this paragraph of the complaint and deny plaintiff is entitled to any relief from them under any theory, at law or in equity.

31.

Responding to the allegations in the unnumbered paragraph following paragraph 30 of the complaint, which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including those set forth in subparagraphs (1) through (6), defendants deny plaintiff is entitled to any relief from them under any theory, at law or in equity.

32.

Except as expressly admitted or otherwise responded to, defendants deny all allegations in the complaint.

<u>THIRD DEFENSE</u>

There has been an insufficiency of process as to defendants; therefore, this Court lacks personal jurisdiction over them.

## FOURTH DEFENSE

There has been an insufficiency of service of process as to defendants; therefore, this Court lacks personal jurisdiction over them.

## FIFTH DEFENSE

This Court lacks personal jurisdiction over defendants.

## SIXTH DEFENSE

Venue is improper as to defendants.

## SEVENTH DEFENSE

Defendants did not breach any duty owed to plaintiff.

## EIGHTH DEFENSE

No act or omission of defendants, their agents, or employees proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## NINTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by defendants or their employees or agents caused or contributed to the incidents described in the complaint.

## TENTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## ELEVENTH DEFENSE

The imposition of punitive damages against defendants would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## TWELFTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this action, to the United States and Georgia Constitutions, and the imposition of punitive damages against defendants in this action is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## THIRTEENTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, defendants assert the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory/comparative negligence, duress, failure

of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, discharge in bankruptcy, estoppel, last clear chance, and waiver.

<u>FOURTEENTH DEFENSE</u>

Defendants reserve the right to plead additional defenses as become known to them through investigation and discovery.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, defendants pray as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Dustin S. Sharpes*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227

- 10 -

                                          Dustin S. Sharpes
                                          Georgia Bar No. 522995
                                          Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## DEFENDANTS DEMAND A TRIAL BY JURY

## **CERTIFICATE OF SERVICE**

This is to certify that on June 28, 2021, I served the foregoing *DEFENDANTS'*

*ANSWER AND DEFENSES* upon all judges, clerks, and opposing counsel to the

Clerk of Court electronically using the Odyssey eFileGA system, which will

automatically send e-mail notification of such filing to counsel of record and others

who are Odyssey eFileGA participants. Counsel of record is as follows:

> David E. Baum, Esq.
> The Baum Law Firm
> 1570 Warsaw Road
> Roswell, GA 30076

> */s/ Dustin S. Sharpes*
> Dustin S. Sharpes
> Georgia Bar No. 522995

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)